Where an action is brought against an executor or administrator upon his
promise to pay a debt, if he has assets the promise will bind him de bonispropriis; and though in the declaration assets must be averred, yet proof of the promise is so far evidence of assets as to place the want of them to be proven by the executor or administrator. As the assets are the consideration which make the promise binding, whenever it shall be shown by the defendant that there are none subject to the plaintiff's demand, the promise is then nudum pactum, and will not support an action; and this the executor or administrator may do by any evidence which would protect him against the plaintiff if the action had been brought against the defendantas executor or administrator: as by payment without notice to inferior debts or those of equal dignity, or judgments, or by showing debts of higher dignity, or the like. As this case appears to be a promise with
assets, I think there should be judgment for the plaintiff. But I cannot assent to the opinion that the promise by the executor or administrator has any other effect than as regards the form of the action, and that thisformal promise makes him personally liable only because he was before liable as executor or administrator.
I can see no analogy between the case of a promise to pay a debt of inferior degree and the actual payment; for in the former there is only anundertaking; but in the latter the thing is done, and it is not in the power of the executor to recover it back. (681)